| 32 | 241 |
|----|-----|
| f72 | 589 |
| 32 | 241 |
| f81 | 04 |

## ALLEN VS. STATE OF ARKANSAS.

OFFICIALS: *Suspension from office when under indictment, etc.*
  The act of March 7th, 1877, providing for the suspension from office by the
  Circuit Court of any county or township officer, against whom a present-
  ment or an indictment is lodged in the Circuit Court, until the charge is
  tried, is not unconstitutional.

APPEAL from *Clay* Circuit Court.
Hon. L. L. MACK, Circuit Judge.
*Attorney General* for the State.

ENGLISH, CH. J.:

At the August Term, 1877, of the Circuit Court of Clay
County, the prosecuting attorney filed a motion, in the name of
the State, to suspend from office until the next term, unless a
trial could be sooner had, Edward M. Allen, the sheriff and col-
lector of the county, because four bills of indictment, therewith
shown to the court, had been regularly returned into court and
filed against him by the grand jury, numbered, etc., charging
him with high crimes, felonies, incompetency and misdemeanors
in office.

The indictments, which were before the court on the hearing
of the motion, are copied in the transcript.

The first, charges him with an assault with intent to commit
murder.

The second, with malfeasance in office, in failing to pay over
$680.60, found to be due from him, as sheriff and collector, to
the county on settlement.

The third, with incompetency in office, by reason of being
habitually drunk.

The fourth, with voluntarily permitting a prisoner committed
to his custody to escape.

The defendant seems to have been personally in court when
the motion was presented, and aided by counsel in the hearing.

16

The several indictments having been read to the court, and the premises considered, the court adjudged that the defendant be suspended from the further exercise of the functions and discharge of the duties of the office of sheriff and collector of the county, and from the enjoyment of the fees and emoluments thereof, until the next term of the court, unless a trial of defendant should be sooner had on each and every of said indictments.

The court also appointed a person to act as temporary sheriff and collector, until the Governor should fill the office, and required the defendant to turn over to the temporary officer, on his entering into bond, etc., all writs, process, books, papers and moneys belonging to the office.

The defendant excepted, and appealed to this court.

No bill of exceptions was taken, and no particular questions of law reserved in the court below, and no brief has been filed for appellant here.

We suppose the appeal was taken with the view to have this court decide whether the court below had power to make the order of suspension, and whether it is regular on the face of the record.

By sec. 27, art. vii., of the Constitution : "The Circuit Court shall have jurisdiction, upon information, presentment or indictment, to remove any county or township officer from office, for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office."

We suppose that under this clause of the Constitution, no final judgment or order of removal would be made, until after trial and conviction on information, presentment or indictment.

It is provided by the act of 9th March, 1877 : "That whenever any presentment or indictment shall be filed in any Circuit Court in this State, against any county or township officer, for incompetency, corruption, gross immorality, criminal conduct

amounting to a felony, malfeasance, misfeasance or nonfeasance in office, such Circuit Court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried: provided, such suspension shall not extend beyond the next term after the same shall be filed in such Circuit Court, unless the cause is continued on the application of the defendant. Sec. 1."

By sec. 2, "Upon conviction of any such officer for any such offenses, a part of the sentence of the Circuit Court having jurisdiction, shall be to remove such officer from office, etc."

Provision is also made by the act for filling the offices on removals, and for temporary appointments on suspensions, etc. Acts of 1877, p. 64.

It was perhaps argued in the court below that this act is in conflict with the Constitution, because it deprives the accused of the right to exercise the functions of his office by suspension, before he is tried and convicted; in other words, punishes him before trial and judgment.

The same objection might be urged to all statutes which provide for arresting men accused of crimes, and depriving them of liberty, before trial and conviction. Persons charged with crimes are often denied bail, or unable to give it when allowed, and are imprisoned before trial and conviction. Public policy requires this to be done for the due enforcement of penal laws.

Offices are not regarded in this country as grants or contracts, the obligation of which cannot be impaired, but rather as trusts or agencies for the public. They are within the power of the legislature, except so far as the Constitution may forbid interference with them. *Coffin* v. *State ex rel. Norton,* 7 Ind., 157.

When an officer is indicted for crimes and misdemeanors in office, as in this case, it might be detrimental to the public to permit him to continue to exercise the functions of the office

until tried and convicted; a trial might be delayed during the whole term of his office.

It cannot be supposed that a grand jury of his county would make false accusations against him through malice or prejudice.

Seeing no clear ground on which we can hold the act to be unconstitutional, and the order of suspension appearing to be regular, the judgment must be affirmed.