State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

(No. 1695, July 18, 1914)

·STATE OF NEW MEXICO, ex rel. ALBERT H. HAR-
VEY, County Clerk of Lincoln County, Relator, vs.
EDWARD L. MEDLER, Judge of the District Court
of the Third Judicial District of the State of New
Mexico, within and for the County of Lincoln, Re-
spondent.

### SYLLABUS BY THE COURT.

1. A writ of prohibition is an extraordinary writ, issued
by a superior court to an inferior court to prevent the latter
from exceeding its jurisdiction, either by prohibiting it from
assuming jurisdiction in a matter which it has no control,
·or from going beyond its legitimate powers in a matter of
which it has jurisdiction.

P. 258

2. A court is inferior to another when it is placed under
the supervisory or appellate control of such other court.

P. 259

3. The writ of prohibition is not a writ of right, granted
·ex debito justitiae, but rather one of the sound judicial dis-
·cretion, to be granted or withheld according to the circum-
·stances of each particular case, to be used with great caution
for the furtherance of justice when none of the ordinary
remedies provided by law are applicable.

P. 259

4. The writ of prohibition cannot be used to correct mere
irregularities or to perform the functions of an appeal or
writ of error.

P. 260

5. If it is manifest that an appeal would afford an inade-
·quate remedy, the right of appeal does not, of itself, afford
·sufficient ground for refusing relief by prohibition.

P. 260

State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

6. In creating a legislative department and conferring. upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in, and may be exercised by, the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose, and to the limitations which are contained in the Constitution of the United States.

P. 262.

7. There being no constitutional inhibition against legislative action in the matter of suspension of public officers, which is properly to be considered as included within the broader term removal, the provisions of Chapter 36, of the Session Laws of 1909, do not constitute a violation of the constitutional provisions of Section 2, of Article XX.

P. 262

8. Sec. 26 of Chapter 36, S. L. 1909, confers jurisdiction upon the district courts to make preliminary investigations and suspend the officer pending the final adjudication of the matters alleged in an accusation, before the case shall be continued upon application of defendant, beyond the term of court at which the accusation is presented, or if presented in vacation, beyond the first term of court after presentment. thereof.

P. 265.

9. Held: That jurisdiction to entertain preliminary investigations other than as limited and prescribed in Sections 26 and 21 of the Act, does not exist in the district courts and the present case not falling within either section of the Act, the district court was assuming a jurisdiction in excess of that conferred upon it by the statute and is, therefore, subject to the restraint imposed by a writ of prohibition issuing out of this court.

P. 265.

State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

ORIGINAL PETITION FOR WRIT OF PROHIBITION.

G. W. PRICHARD AND G. B. BARBER, Attorneys for Relator.

Constitutional Provision Applicable to Case. Sec. 2, Art. 20, Const.

Statutory Provisions. Pp. 82-85, L. 1909.

Power. 29 Cyc. 1405; L. R. A. 845; 54 Ala. 226.

Legislature cannot provide methods of removal inconsistent with plain provisions of Constitution. 3rd Metcalf (Ky.) 237; 11 La. 439.

General Application. 85 Minn. 41; 13. Am. S. R. 269; 16 Col. 187; 99 Mich. 352.

Statutory Provisions. 2 Ala. 150; 10 Kan. 199; 1 Pinney (Wis.) 630.

FRANK W. CLANCY, Attorney General, for Respondent.

Has court power to issue writ of prohibition to District Court? Secs. 2, 3, Art. 6 Const.; 109 Ill. 204; 32 Cyc. 623; 7 N. M. 486.

Possible Suspension From Office. Sec. 2, Art. 20, Sec. 17, Art. 16 Const.; Chap. 36, L. 1909; Sec. 24, Art. 5 Tex. Const.; Chap. 2, Title 98, Rev. Civ. Stat. 1911, Art. 6028; 10 S. W. 737; 84 Tex. 48; 32 Ark. 241.

## STATEMENT OF FACTS.

This is an original petition for a writ of prohibition. Relator is the County Clerk of Lincoln County, and respondent is the presiding Judge of the Third Judicial District Court which is composed of the Counties of Dona Ana, Otero, Lincoln and Torrance.

On March 20th, 1914, a certain presentment was found by the Grand Jury of Lincoln County against relator, as County Clerk of said county, which was duly served upon relator, who, subsequently, on March 31st, 1914, filed objections thereto which were overruled in part and sustained in part. On April 11th, relator filed his affidavit

and motion for a change of venue upon the ground of alleged interest of the trial judge in the prosecution of said cause, which was overruled; on April 11th, relator filed a challenge to the array of the regular panel and moved to quash said panel for the reason that the panel was improperly drawn in that the notice of the time and place of the drawing of the jury was not posted for a period of ten days, required by law, which motion was granted by the trial court, the cause being thereupon continued by the trial court, upon its own motion, until the next regular or special term of said court; thereafter, to-wit, on the 14th day of April and during the said March, 1914, term of said Court, the District Attorney aforesaid, moved the Court to forthwith make a preliminary investigation as to whether or not this relator should be suspended from the office of County Clerk of said Lincoln County, under said presentment, pending the final adjudication of said cause by jury; and over the objections of counsel for relator, said court sustained the motion of said District Attorney to make a preliminary investigation as asked for by said District Attorney, and then and there designated the 2nd day of May, A. D. 1914, at the hour of 10 a. m., at the court house in the town of Carrizozo, New Mexico, as the time and place for such investigation without a jury, and the relator was then and there ordered to be and appear at said time and place to show cause why he should not be suspended from said office of County Clerk of said County of Lincoln, until the matters and things alleged in the said presentment have been judicially determined by the court.

The relator further showing by his application for the writ that the accusations against him were presented by a grand jury of said county and that relator was entitled to a trial by jury at said March, 1914, term of said Lincoln District Court; that at no time during the session of said court did the relator ask for a continuance of said cause; that said cause was on the said 11th day of April, 1914, without the consent of relator, continued by the court until the next regular or special term of said court;

that the regular term of said court commences on the first Monday in October, 1914, and no special term of said court has been called; and, that until there is a regular or special term of said court as provided by law at which this relator can be tried by a jury, the said judge of said court cannot hear said presentment in vacation and that he is without jurisdiction under the Constitution of this State, and the act entitled "An Act providing for the removal of officers, establishing the procedure therefor and for other purposes," approved March 15th, 1909, to investigate the accusations against relator contained in said presentment, and that said court is without jurisdiction to suspend relator from the office of County Clerk of said County of Lincoln during a vacation of said court.

That the relator has no plain, speedy and adequate remedy in the premises to prevent the respondent herein from proceeding to make a preliminary investigation in the said cause, No. 2229, at the term time of said court, for the purpose of ascertaining whether or not this relator should be suspended from his said office pending the trial of said cause by a jury and that if the respondent herein is not prohibited from proceeding to make the preliminary investigation aforesaid on the said 2nd day of May, 1914, and during a vacation of said court, this relator will be subject to a great disgrace and will have no remedy in the premises and he further states that the proceedings proposed in said investigation on the day named are in excess of the jurisdiction and authority of said district judge.

Based upon the foregoing facts, the prayer of the application for the writ is that respondent be restrained and prohibited from conducting a preliminary investigation for the purpose of ascertaining whether or not relator should be suspended from his office as County Clerk, pending his trial.

To the application for the writ a demurrer is interposed raising several questions, which are considered in the order presented in respondent's brief.

## OPINION.

HANNA, J.   The first question presented for our consideration is: Has this Court power to issue a writ of prohibition to a District Court?

The jurisdiction of this court, in the premises, must be found in Sections 2 and 3 of Art. VI of our Constitution, which are as follows:

"Sec. 2.  The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all final judgments and decisions of the district courts, and said court shall have such appellate jurisdiction of interlocutory orders and decisions of the district courts as may be conferred by law."

"Sec. 3.  The Supreme Court shall have original jurisdiction in quo-warranto and mandamus against all state officers, boards and commissions, and shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same. Such writs may be issued by direction of the court, or by any justice thereof. Each justice shall have power to issue writs of habeas corpus upon petition by or on behalf of a person held in actual custody, and to make such writs returnable before himself or before the Supreme Court, or before any of the district courts or any judge thereof."

By the learned Attorney General it is argued that the common law writ of prohibition could be issued only to a tribunal of inferior or limited jurisdiction for the purpose of restraining any excess of that jurisdiction, and that, therefore, it could never go to a superior court of general and unlimited jurisdiction.

The Attorney General directs our attention to the powers of the District Court which is given "original jurisdiction in all matters and causes not excepted by the Constitution." (Sec. 13, Art. VI, Const. N. M.) The only exceptions in the matter of jurisdiction of district courts, it is urged, being that conferred upon Probate Courts

258    SUPREME COURT OF NEW MEXICO

State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

(Sec. 23, Art. VI) and possibly that implied from the language of Sec. 3, *supra,* giving this court original jurisdiction in quo warranto and mandamus against all state officers.

It is conceded that this court has power to issue the writ in aid of its appellate jurisdiction, or when necessary or proper for the complete exercise of its jurisdiction.

The contention of the Attorney General in this respect, is that Sec. 2, *supra,* gives to this court appellate jurisdiction over all final judgments and decisions of the district courts, and of such interlocutory orders as future legislation may confer upon the court.

We fully agree with the Attorney General that in this matter there is no question of appellate jurisdiction to the complete exercise of which the writ of prohibition is necessary or proper.

The proposed investigation of the relator could only result in an interlocutory order of suspension, over which this court has no appellate jurisdiction.

It therefore clearly appears that if this court possesses jurisdiction in the premises it is dependent upon the power conferred by Sec. 3 (*supra*), where the Supreme Court is given a "superintending control over all inferior courts." If the district court is an inferior court in the sense in which the term is there used.

It is ably contended by respondent that our district courts are not inferior courts in this sense, looking to the common law meaning of the term "inferior" as applied to the courts.

The writ of prohibition has been defined times without number, and in our opinion is best defined as an extraordinary writ, issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate powers in a matter of which it has jurisdiction. People ex rel. vs. Circuit Court, 169 Ill. 201: High's Ex. Leg. Rem., Sec. 762; Spelling's Inj. and other Ex. Rem., Sec. 1716.

State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

While it is true that the term "Inferior Court" is usually applied to courts of limited or special jurisdiction, yet it is used in different senses and frequently refers to relative rank and authority, and not to intrinsic quality. So it has been held that a court is inferior **2** to another when it is placed under the supervisory or appellate control of such other court. State vs. Daniels, 66 Mo. 192-201; Bailey vs. Winn et al., 113 Mo. 155.

It was in this sense, in our opinion, that the term inferior courts is used in our Constitution, and in this sense the district courts are inferior to this court, although not courts of limited jurisdiction in the ordinary meaning of the term.

Our Territorial Supreme Court adopted this view of the relative rank of the District and Supreme Court of the Territory in the case of Mining Co. vs. District Court, 7 N. M. 486, and there is greater force in the argument there used, as applied to this case, by virtue of the provisions of our State Constitution.

It is well contended by the Attorney General that there is serious objection to this court exercising a superintending control over district courts, in addition to appellate jurisdiction, in that at almost every stage of proceedings in the district court application might be made to this court for one or more of the various writs in order to control the action of the district court, or superintend the exercise of its functions.

We concede the force of this argument, but do not apprehend any serious difficulty in the application of the remedy by reason of the well defined rules, applied by the courts, with respect to this and the other writs enumerated in Sec. 3, *supra.*

Considering the objection of the Attorney General as applied to the writ under consideration, it is well established that it is not a writ of right, granted *ex debito* **3** *justitiae,* but rather one of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case, to be used with great caution for the furtherance of justice when none of the ordi-

nary remedies provided by law are applicable. High's Ex. Leg. Rem., Sec. 765.

> Therefore, as a general rule, the writ of prohibition cannot be used to correct mere irregularities, or to perform the functions of an appeal or writ of error. High's Ex. Leg. Rem., Secs. 770 and 771.

The last statement of the general principle, controlling in such cases, is subject to the qualification that if it is manifest that an appeal would afford an inadequate remedy, the right of appeal does not, of itself, afford sufficient ground for refusing relief by prohibition. High's Ex. Leg. Rem., Sec. 771A.

We are of the opinion that the writ is an appropriate remedy in the present case, provided, the objections to the jurisdiction of the district court are well taken. The first objection going to the jurisdiction is that the possible suspension of the relator from office would constitute a violation of Sec. 2 of Art. XX of the State Constitution. The constitutional provision is as follows:

"Sec. 2. Every officer, unless removed, shall hold his office until his successor has duly qualified."

By Chapter 36, S. L. 1909, authority is conferred upon district courts to suspend a public official pending the investigation of the accusation looking to his removal from office.

The contention of relator in this respect being that the constitutional provision destroyed all power to suspend an officer as it authorized every officer to hold his office until his successor is duly qualified, unless he should be removed, suspension not being a removal in any proper sense of the term.

We cannot agree with this contention. It is our opinion that the framers of our Constitution intended to provide against any suspension of executive authority arising through a change of administration, or by reason of other circumstances which might bring about such a result.

In other words the sole purpose of the Sec. 2, of Art. XX, is to provide for the expiration of the term of office of public officials and extend same, if necessary, until such

time as a successor is qualified to take over the office. Can it be said that the legislature is limited in its power to provide for suspension of public officers because the Constitution provides that the term of office shall continue until a successor qualifies unless the incumbent be removed? We think not. While there is a difference between suspension and removal as is argued by relator, we are of opinion that in this connection the term suspension can well be considered as but a temporary removal. So, too, we may consider that although suspended from office the incumbent yet holds the office until finally removed within the intent and meaning of the constitutional provision under consideration. The Constitution is not attempting to define or limit the term removal, but is simply recognizing that the official's term of office may be terminated by removal, leaving to the legislature to provide therefor by specific and comprehensive legislation. The legislature has provided fully with respect to removal of public officers and in the same act (Chapter 36, Laws 1909), has provided for suspension pending a final adjudication in the matter.

As previously stated, we consider this in the nature of a temporary removal from office and not contrary to the spirit and purpose of the constitutional provision.

To argue that the legislature is inhibited from providing for the termination of a public official's term of office because a suspension is not a removal in any proper sense of the term, is to contend that constitutional provisions are a grant of power to the legislature rather than a limitation of power in the legislature, which is the long established rule of construction.

It is only upon the theory that the power to suspend is withheld because not conferred that relator's position can be justified. Upon the theory that the legislature is limited by the provision all things included within the term "removal" would constitute a legitimate exercise of legislative power, and in this sense a suspension is included within the term removal as used in this section. In this connection we quote Mr. Cooley, with approval:

262    SUPREME COURT OF NEW MEXICO

State ex rel. Harvey v. Medler, District Judge, 19 N. M. 252

"In creating a legislative department and conferring upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in, and may be exercised by, the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose, and to the limitations which are contained in the Constitution of the United States." Cooley's Const. Lim. (7th Ed.) 196.

The legislative power is, therefore, plenary in its scope, except as limited by constitutional provision and is not to be construed as a grant of power to be measured by the Constitution with the result that those powers not expressly conferred are to be considered withheld. Therefore, there being no constitutional inhibition against legislative action in the matter of suspension of public officers, which is properly to be considered as included within the broader term removal, we are of the opinion that the provisions of Chapter 36, of the Session Laws of 1909, do not constitute a violation of the constitutional provisions of Sec. 2 of Art. XX.

The Constitution of the State of Texas provides:

"All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified." (Sec. 17, Art. XVI.) And by Sec. 24 of Art. V, further provides for the removal of county officers by the judges of the district courts "for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." The legislature, by Chapter 2 of Title 98 of the Rev. Civil Stat. of 1911, enacted an elaborate statute on the subject of removal of county officers, and provided, by Article 6049, that:

"At any time after the issuance of the order for the citation as herein provided, the district judge may, if he sees fit, suspend temporarily from office the officer against whom the petition is filed."

Article 6029 provided that an appeal should operate as a supersedeas unless the court "should deem it to the

public interest to suspend such officer from the office pending such appeal."

This legislation was upheld by the Supreme Court of Texas in the case of Poe vs. State, 10 S. W. 737, that court saying, among other things, "The legislature finding the power to suspend undefined by the Constitution, has regulated its exercise with due regards to the rights of the officer."

Similar legislation providing for suspension of public officers was upheld by the Supreme Court of Arkansas. Allen vs. State, 32 Ark. 241.

For the reasons given, we do not agree with this contention of relator.

The remaining point urged by relator is that the district court is without jurisdiction to proceed with the proposed investigation while there remains on its record an order of continuance to another term.

The relator made application for the quashing of the entire panel of petit jurors on the ground that proper notice had not been posted for ten days, the notice having been posted for nine days only instead of ten, as required by the statute. The motion having been sustained it was necessary to continue the cause for the term. Three days after the continuance of the cause, as aforesaid, the district attorney made application to the court for a rule upon the defendant to show cause why he should not be suspended from his office, until the matters and things alleged in the said presentment and accusation have been judicially determined by the court.

Notice was given to the relator and the second day of May, 1914, was fixed for the hearing. Thereupon the relator made application to this court for the present writ.

It is insisted on behalf of relator that the presentment having been made by the grand jury and defendant not having applied for a continuance, the court is without jurisdiction to issue the rule upon defendant to show cause why he should not be suspended from office, and that, in any event, the preliminary investigation must be had before a continuance of the cause.

Sec. 21 of the act in question, provides for the preliminary investigation looking to the suspension of the officer when an accusation is presented by the district attorney at a time when there is no jury in attendance or when presented to the court in vacation. Sec. 26 of the same Act further provides as follows:

· "Nothing in this act shall operate to deprive any defendant of the right to a continuance in any case in which such right would attach in any criminal case as provided by law, but before any. case shall be continued, upon application of the defendant, beyond the term of court at which the accusation is presented, or if such accusation is presented in vacation beyond the first term of court after presentment thereof the court may, upon application of the District Attorney, make a preliminary investigation as hereinbefore provided and suspend the officer, pending a final adjudication of the matters alleged in the accusation."

It is thus to be observed that the defendant is not entitled to a continuance without subjecting himself to the possibility of an investigation looking to his suspension . if the district attorney applies for same.

The framers of the Act have evidently considered that in the cases of accusation by a grand jury no necessity for a preliminary investigation looking to the suspension would exist, inasmuch as a speedy trial of the issue would follow at the same term of court. The act has imposed terms upon the defendant seeking to delay by applying for a continuance.

A condition of affairs such as here presented is not within the purview of the Act. We cannot agree that defendant in effect applied for a continuance when he moved to quash the venire containing the regular panel of petit jurors. It is true that the action set in motion by defendant resulted in a continuance of the cause, but we cannot presume that defendant sought to bring about a continuance and in effect applied therefor. Any presumptions in the matter must necessarily be in favor of the accused.

Section 26 of Chapter 36, S. L. 1909, confers jurisdic-

tion upon the district courts to make preliminary investigations and suspend the officer pending the final adjudication of the matters alleged in an accusation, before the case shall be continued upon the application of defendant, beyond the term of court at which the accusation is presented, or if presented in vacation, beyond the first term of court after presentment. Jurisdiction to entertain preliminary investigations other than as limited and prescribed in Secs. 26, and 21 of the Act, does not exist in the district courts and the present case not falling within either section of the act, the district court was assuming a jurisdiction in excess of that conferred upon it by the statute, and is, therefore, subject to the restraint imposed by a writ of prohibition issuing out of this court.

To come within the purview of the statute, the continuance must be applied for by the defendant and a motion to quash, or for a change of venue, while necessarily resulting in a continuance, would not be an application, by defendant, for a continuance within the intent of the Act.

It is suggested by the Attorney General that if the district court has parted with jurisdiction by its order of continuance, nevertheless so long as the term continues it is within the power of that court to set aside such order.

While this is true, we feel constrained to consider the case solely from the standpoint of the record as we find it, which shows a continuance of the case for the term prior to the application of the district attorney for a preliminary investigation.

For the reasons indicated, the permanent writ will issue, and, it is so ordered.