529 P.2d 271

**Jimmy Lee BLACK, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF JEMEZ MOUNTAIN SCHOOL DISTRICT NO. 53 et al., Defendants-Appellees.**

No. 9838.

Supreme Court of New Mexico.

Dec. 6, 1974.

Caton & Hynes, Byron Caton, Farmington, for plaintiff-appellant.

Solomon & Roth, Charles S. Solomon, Santa Fe, for defendants-appellees.

OPINION

McMANUS, Chief Justice.

Appellant, Jimmy Lee Black, sought an alternative writ of mandamus directing the Jemez Mountain School District No. 53 to grant him a hearing on his suspension from the position of superintendent of schools for that district. The District Court of Rio Arriba County, in response to defendant School Board's motion to quash the alternative writ of mandamus, entered a judgment that the writ had been improvidently granted, and dismissed the petition for said writ. From this judgment, Black appeals.

Appellant was employed as superintendent of Jemez Mountain School District No. 53 under the provisions of a contract which expired on June 30, 1973. On February 9, 1973, Black was given notice of his discharge as superintendent, and a hearing on the matter was set for February 19, 1973. However, this action was superseded by the School Board in a regularly constituted meeting held on March 30, 1973. At this latter meeting, appellant was given notice that if he did not resign he would be suspended for the remainder of his contract period, and, in any event, he would not be rehired as superintendent. Pursuant to this meeting, Black was suspended from his duties as superintendent, but continued to receive his monthly salary until his contract expired.

Appellant contends that he was denied due process guarantees set out in the State Board of Education Regulations as provided for in § 77–8–18, N.M.S.A.1953 (Repl.Vol. 11, Pt. 1, 1968), but these regulations apply to the discharge of nontenure certified school personnel during the term of an existing contract. In the case before us the appellant was merely suspended, not discharged, and continued to receive a salary. Appellant contends that suspension and discharge are the same. We cannot agree.

In State ex rel. Harvey v. Medler, District Judge, 19 N.M. 252, 261, 142 P. 376, 379 (1914), we considered this very question of whether a suspension was the same as a discharge, and we therein determined that it was not, stating:

"* * * While there is a difference between suspension and removal, as is argued by relator, we are of opinion that in this connection the term 'suspension' can well be considered as but a temporary removal. So, too, we may consider that, although suspended from office, the incumbent yet holds the office until finally removed within the intent and meaning of the constitutional provision under consideration. * * *"

In the case before us we are concerned with statutory provisions regarding tenure and nontenure personnel and their rights to a hearing prior to termination or dismissal. In Harvey, supra, the court dealt with the suspension of a county clerk, a situation which was covered expressly in the New Mexico Constitution. The analysis in Harvey, supra, with regard to suspension and removal applies here. See also Haymaker v. State ex rel. McCain, 22 N.M. 400, 163 P. 248 (1917).

Appellant further contends that the provisions of § 77–8–14, N.M.S.A.1953 (Repl. Vol. 11, Pt. 1, 1968), must be complied with, and to fail to do so amounts to a denial of due process. However, § 77–8–14, supra, deals with discharge procedures and is inapplicable here in that Black was not discharged, but suspended.

We hold that the action of the school board was proper in this instance, in that suspending appellant with his salary for the duration of his contract period did not amount to a discharge and is not protected by the statutory requirement for a hearing.

Assuming, arguendo, that appellant was entitled to a hearing, what can be done? Appellant does not quarrel with the fact that the School Board does not have to renew the superintendent's contract and that adequate notice was given in this instance that his contract was not to be renewed. The contract in question expired June 30, 1973, several months ago. Inasmuch as appellant had been paid for the full term of his contract, a hearing would be a useless gesture. The question is now moot due to expiration of the contract.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.