562 P.2d 833

Patrick M. HAYDEN, Plaintiff-Appellant,

v.

Reverend Charles LEE, Kenneth Benally, Samuel Harrison, Phillip Foutz and Jack Cline, Members of the School Board for Central Consolidated Schools, Independent District No. 22, Defendants-Appellees.

No. 10790.

Supreme Court of New Mexico.

April 11, 1977.

Jones, Gallegos, Snead & Wertheim, Jerry Wertheim, Steven L. Tucker, Santa Fe, for plaintiff-appellant.

Caton & Hynes, Byron Caton, Farmington, for defendants-appellees.

OPINION

SOSA, Justice.

Plaintiff Patrick Hayden [Hayden] brought suit against defendant members of the Central Consolidated Schools, Independent District No. 22 School Board [Board] to obtain damages and equitable relief for violation of his civil rights. The trial court found for the defendants. Plaintiff appeals.

Hayden, who had become tenured as an instructor, was later employed as an elementary school principal in Shiprock, New Mexico, by the Central Consolidated School, Independent School District No. 22 for several years up to and including the 1971–1972 school year. On February 12, 1972, the Board refused to renew Hayden's contract as principal for the 1972–1973 school year, but it did offer him a position as an instructor. Hayden received notice of this action on February 17, 1972. He accepted the teaching position in the school district on May 8, 1972.

During this period Rule 2–B of the New Mexico State Department of Education was in effect, and it stated in part:

REGULATIONS OF THE STATE BOARD OF EDUCATION FOR THE TERMINATION OF *NON–TENURE TEACHERS* AT THE END OF THE SCHOOL YEAR FOR UNSATISFACTORY WORK PERFORMANCE

.   .   .   .   .

(1) Three (3) conferences shall be held with *non-tenure personnel* prior to service of notice of termination upon them for unsatisfactory work performance at the end of the school year (emphasis added).

Hayden argued at trial, and now upon appeal, that he was entitled to the protection of the procedures prescribed by Rule 2–B, including the conferences and written records thereof prior to being terminated for

unsatisfactory work performance. The trial court found that (1) Hayden came within the classification of certified non-tenure personnel, (2) that the reason Hayden was not rehired as principal was for unsatisfactory work performance, and (3) that Rule 2–B was not applicable to Hayden, and, therefore, the three conferences required by Rule 2–B were not held. However, the trial court held that Rule 2–B did not apply to Hayden because Hayden ". . . was not discharged during the term of an existing contract but was terminated at the expiration of the contract," and thus he ". . . was not entitled to the protections of Rule 2–B . . . ."

The issue is whether Rule 2–B applies to administrators such as Hayden. We hold that it does not. First, the title of Rule 2–B refers to "non-tenure teachers." Second, in paragraph (1) of Rule 2–B, "non-tenure personnel" can only apply to instructors, since administrators are neither tenured nor non-tenured. Third, the authorizing statute only refers to terminated instructors. Section 77–8–18, N.M.S.A.1953.[1] The discharged personnel section of the statute is not applicable here. Since Rule 2–B is not applicable to Hayden as administrator, he was properly terminated. Cf. *Black v. Board of Ed. of Jemez Mountain Sch. D. No. 53*, 87 N.M. 45, 529 P.2d 271 (1974); *Quintana v. State Board of Education*, 81 N.M. 671, 472 P.2d 385 (Ct.App.), cert. denied, 81 N.M. 668, 472 P.2d 382 (1970).

The trial court is affirmed.

EASLEY and PAYNE, JJ., concur.

---

1. *Supervision and correction procedures.*—The state board shall, by regulations, prescribe procedures to be followed by a local school board in supervising and correcting unsatisfactory work performance of certified school instructors with tenure rights before notice of termination is served upon them and of certified school personnel before notice of discharge is served upon them. These regulations shall provide that written records shall be kept on all action taken by a local school board to improve any person's unsatisfactory work performance and all improvements made in the person's work performance. These written records shall be introduced as evidence at any hearing for the person conducted by the local school board.