658 F.2d 774
 Victor B. ATENCIO, Plaintiff-Appellee,
v.
BOARD OF EDUCATION OF PENASCO INDEPENDENT SCHOOL DISTRICT
NO. 4; Candido Mascarenas, George Maestas, Pat Martinez,
Wilfred Gallegos, Juan Martinez and Marcel Torres,
individually and as members of the Board of Education of
Penasco Independent School District No. 4, Defendants-Appellants.
 No. 78-1851.
 United States Court of Appeals,
Tenth Circuit.
 Argued Nov. 29, 1979.
Decided Sept. 8, 1981.
 
 C. Emery Cuddy, Jr., Santa Fe, N. M. (Sumner S. Koch of White, Koch, Kelly & McCarthy, Santa Fe, N. M., was on the brief), for defendants-appellants.
 Steven L. Tucker of Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, N. M., for plaintiff-appellee.
 Jeff Bingaman, Atty. Gen. of N. M., and John F. Kennedy, Asst. Atty. Gen. of N. M., Santa Fe, N. M., on the brief, for the New Mexico State Board of Education, amicus curiae.
 Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.
 HOLLOWAY, Circuit Judge.
 
 
 1
 Plaintiff Victor B. Atencio brought this action under 42 U.S.C. § 1983 against the Board of Education of Penasco Independent School District No. 4 ("the Local Board") and its members. Atencio alleged that his discharge from his position as superintendent of the school district violated his constitutional right to procedural due process. After a non-jury trial the district court entered judgment for plaintiff for $27,965.65 as damages under his employment contract, minus any amounts he might earn from July 24, 1978, the date of judgment, to June 30, 1979, the date on which Atencio's employment contract with the Local Board was to terminate. Plaintiff was also awarded $5,000 in attorneys' fees.
 
 
 2
 Defendants appeal. Among other things they argue that New Mexico law afforded Atencio due process within the meaning of the Fourteenth Amendment and that he therefore failed to allege or establish any claim for relief under § 1983. We must agree and accordingly reverse and remand for dismissal for failure to establish the federal claim.
 
 
 3
 * Atencio, who had previously worked in the Penasco schools as a teacher and coach, was employed by the Local Board as superintendent on November 1, 1975. At the time of his discharge he was working under a two-year contract which ran from July 1, 1977, to June 30, 1979. The contract provided that he could be discharged during its term only for cause. (Pl. Ex. 2). At a meeting on November 23, 1977, the Local Board voted to suspend Atencio from his duties as superintendent with pay. On March 3, 1978, he was served with a notice of discharge, setting a hearing date and specifying 12 causes for discharge.[1]
 
 
 4
 Pursuant to N.M.Stat.Ann. § 77-8-16 (1953 Comp.)[2] an informal hearing was held before the Local Board on March 9, 1978. At the hearing Gilbert Duran, the acting superintendent, testified in support of Atencio's discharge. Duran was the sole witness. Atencio was represented by counsel who cross-examined Duran. Atencio had the right to present evidence but he did not do so. The Local Board voted to discharge Atencio and issued a written decision. (Pl.Ex. 8). The discharge was effective March 11, after which Atencio received no further compensation.
 
 
 5
 Atencio then filed a notice of appeal to the New Mexico State Board of Education ("the State Board") pursuant to N.M.Stat.Ann. § 77-8-17.[3] A hearing examiner was appointed by the State Board and a hearing was scheduled. However, this action was then filed in the district court and it appears that as a result no hearing was ever held by the State Board.[4]
 
 II
 
 6
 Atencio does not contend that the hearing afforded him by the Local Board or the further hearing and appeals procedures available under New Mexico law are constitutionally inadequate.[5] The basis for his claim is that his discharge was premised on his allegedly unsatisfactory work performance and that he was denied the conference procedures required in such cases by N.M.Stat.Ann. § 77-8-18, as implemented by the State Board's Regulation No. 77-1. The regulation provides that prior to the issuance of notice of discharge to an employee for unsatisfactory work performance, an employee is entitled to two conferences with his immediate supervisor and an opportunity to correct his unsatisfactory work performance.[6] This state law requirement, Atencio alleges, created a property interest, and his discharge in the absence of the requisite conference procedures constituted a violation of his federal constitutional rights.
 
 
 7
 Defendants, on the other hand, assert that Atencio has not stated or established a federal cause of action. Although they concede that Atencio had a property interest in retention of his job during the term of his contract, they argue that the issues of compliance with state-mandated procedures and existence of grounds for discharge were decided by the Local Board. Given the fairness of the proceedings before the Local Board and the available statutory review procedures, the fact that the Local Board's conclusions might have been erroneous either as a matter of fact or as a matter of state law does not give rise to a federal claim. Defendants say there was evidence before the Local Board from which it properly concluded that Atencio was guilty of unsatisfactory work performance, insubordination or incompetency; and that discharge for the latter two causes does not require conference procedures under Regulation No. 77-1. See also New Mexico Board of Education Findings of Fact, Conclusions of Law and Decision in Marquez v. Board of Education, I R. 155-57. Moreover, defendants contend that in any event Atencio was provided with two conferences.[7]
 
 
 8
 The district court agreed with Atencio that the statute and regulation prescribing the conference procedures created in plaintiff a property right within the meaning of the Fourteenth Amendment in not being discharged without compliance with them. The court held that each of the charges brought against Atencio alleged unsatisfactory work performance and that there was no basis for a finding that he was incapable of performing his job or that he had wilfully refused to obey a valid rule, regulation or policy. It was further determined that the conference procedures were not complied with.[8] The court concluded that failure to comply with the state statute and regulation deprived Atencio of his due process rights under the Fourteenth Amendment and awarded damages for lost pay and attorneys' fees.
 
 III
 
 9
 Atencio relies in large part on this court's unpublished decision in Quintana v. Archuleta, Nos. 72-1358 and 72-1359 (10th Cir., Feb. 6, 1973). Quintana was an untenured New Mexico school principal whose contract was not renewed. We held that the then-current State Board regulations required that three conferences be held with untenured personnel prior to service of notice of termination for unsatisfactory work performance.[9] Without any prior conferences the local school board notified Quintana that he would not be reemployed as a principal. As our Quintana opinion stated, p. 3: "The Board gave (Quintana) no reason for his termination as principal and denied his request for a hearing."
 
 
 10
 We upheld the district court's finding that the regulation had conferred an expectation of reemployment, absent compliance with the prescribed conference procedures. The court stated that these procedures were not followed in Quintana's termination and "(a)ccordingly plaintiff was denied procedural due process and is entitled to reinstatement." Id. at 6.
 
 
 11
 We feel that Atencio's case is distinguishable. Quintana was terminated as principal without any hearing or any other procedural safeguards and was given no reason for his termination as principal. Atencio, on the other hand, was given a hearing by the Local Board and is entitled to a further de novo hearing before the State Board and an appeal to the New Mexico Court of Appeals. Atencio, unlike Quintana, is thus given a state forum in which to argue both his substantive and procedural claims under state law. It is quite possible that Atencio's claim that his rights under N.M.Stat.Ann. § 77-8-18 and Regulation 77-1 were violated is meritorious.[10] However, we feel the mere fact that a discharge may not be in accordance with state law does not necessarily mean that there has been a federal constitutional violation where hearings are available such as New Mexico affords Atencio.
 
 
 12
 Bates v. Sponberg, 547 F.2d 325 (6th Cir.), involved a dismissal of a tenured professor. The plaintiff alleged that the Board of Regents failed to observe procedural safeguards required by its own regulations. The court held that this was not a constitutional violation, stating:
 
 
 13
 It is not every disregard of its regulations by a public agency that gives rise to a cause of action for violation of constitutional rights. Rather, it is only when the agency's disregard of its rules results in a procedure which in itself impinges upon due process rights that a federal court should intervene in the decisional processes of state institutions. (Emphasis added).
 
 
 14
 Id. at 329-30. The court distinguished cases such as Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012, which held that agencies must abide by their own procedures, as based on principles of administrative law rather than the Due Process Clause. Id. at 330, n.7.
 
 
 15
 We agree with the Sixth Circuit that a breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause.[11] "(A)n action under the civil rights statutes is not a plenary review of a challenged state administrative procedure." Whitsel v. Southeast Local School District, 484 F.2d 1222, 1227 (6th Cir.). The proper mechanism for such full-scale administrative review of the Local Board's decision in this case is that provided by New Mexico law.
 
 
 16
 Thus there is no federal constitutional right to the conference procedures. The questions whether the allegations contained in the notice of discharge involve unsatisfactory work performance requiring conferences prior to discharge and, if so, whether Atencio in fact was accorded the requisite conferences involve considerations of fact and of state, not federal, law. There is no constitutional violation unless Atencio was denied a fair forum for protecting his state rights. Atencio presented his claim for protection under N.M.Stat. § 77-8-18 and State Board Reg.No.77-1 in the Local Board hearing. That hearing included the rights to notice of charges, assistance of counsel, cross-examination, and presentation of evidence. Further proceedings are available before the State Board and the New Mexico Court of Appeals. These procedures are sufficient under the Due Process Clause. See Harrah Independent School District v. Martin, 440 U.S. 194, 197-98, 99 S.Ct. 1062, 1063-64, 59 L.Ed.2d 248; Prebble v. Brodrick, supra, 535 F.2d at 614-16.
 
 
 17
 Atencio argues that the Local Board's conclusion that "(t)he required procedures have been fully complied with..." (see n.7, supra ), was erroneous and relies upon contrary findings and conclusions of the trial court. (Answer Brief of Appellee at 12-18). This is not enough to establish a federal constitutional claim. In Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214, the Supreme Court held improvident a court of appeals ruling that a decision to expel several high school students was a violation of substantive due process due to the insufficient evidentiary basis for the expulsion. The Supreme Court stated:
 
 
 18
 Given the fact that there was evidence supporting the charge against respondents, the contrary judgment of the Court of Appeals is improvident. It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion. Public high school students do have substantive and procedural rights while at school. See Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (89 S.Ct. 733, 21 L.Ed.2d 731) (1969); West Virginia State Board of Education v. Barnette, 319 U.S. 624 (63 S.Ct. 1178, 87 L.Ed. 1628) (1943); Goss v. Lopez, 419 U.S. 565 (95 S.Ct. 729, 42 L.Ed.2d 725) (1975). But § 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members, and § 1983 was not intended to be a vehicle for federal-court corrections of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees. See Epperson v. Arkansas, 393 U.S. 97, 104 (89 S.Ct. 266, 270, 21 L.Ed.2d 228) (1968); Tinker, supra, (393 U.S.) at 507 (89 S.Ct. at 736) (Emphasis added).
 
 Id. 420 U.S. at 326, 95 S.Ct. at 1003.[12]
 
 19
 This court has likewise held that § 1983 is not a vehicle for federal court correction of errors, committed by school administrators in the exercise of their discretion, not rising to the level of violation of specific constitutional guarantees." Prebble v. Brodrick, supra, 535 F.2d at 617; see also Scheelhaase v. Woodbury Central Community School District, 488 F.2d 237, 241 (8th Cir.).[13] The same rationale should apply here where plaintiff claims a violation of his procedural rights and that the evidentiary basis was insufficient for the Local Board's findings and conclusions of compliance with state procedures. Under the teachings of Wood v. Strickland, we feel that evidentiary questions arising in this context and the proper construction of the school regulations are not open for relitigation in this federal suit, given the fact that there was some evidentiary basis for the rulings against Mr. Atencio and the construction of the regulations was not implausible. Wood, supra, 420U.S. at 326, 95 S.Ct. at 1003.
 
 
 20
 Where a property right is involved such as Mr. Atencio's which is protected by the Due Process Clause, it may not be taken away "without adherence to the minimum procedures required by that Clause." Goss v. Lopez, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725. That Clause, however, has been adhered to in our opinion since Atencio was afforded a Local Board hearing for presentation of his evidence and assertion of his claim of denial of the state conference procedures, and since he has an appellate procedure therefor as well. His federal due process rights are not infringed and he may pursue his state law claims before the State Board and state courts.[14]
 
 
 21
 In view of our conclusions we need not reach defendants' further arguments as to exhaustion of state remedies, abstention and failure to join the State Board as an indispensable party. The judgment is reversed and the case is remanded for dismissal of the action.
 
 APPENDIX
 
 22
 The New Mexico statute on discharge of certified school personnel provide in part as follows:
 
 
 23
 77-8-14. Discharge Procedure. A local school board may discharge certified school personnel and the governing authority of a state agency may discharge certified school instructors during the term of written employment contracts only according to the following procedure:
 
 
 24
 A. serving a written notice of discharge on the person in accordance with the law for service of process in civil actions;
 
 
 25
 B. stating in the notice of discharge the following:
 
 
 26
 (1) the cause or causes for discharging the person; and
 
 
 27
 (2) a place within the school district or state agency and a date not less than five (5) days nor more than fifteen (15) days from the date of service of the notice of discharge for a hearing before the local school board or the governing authority of the state agency;
 
 
 28
 C. conducting a hearing according to the regulations prescribed by the state board; and
 
 
 29
 D. finding cause for discharging the person pursuant to the employment contract with the person or finding any other good and just cause for discharging the person.
 
 
 30
 77-8-18. Supervision and correction procedures. The state board shall prescribe by regulations procedures to be followed by a local school board or the governing authority of a state agency in supervising and correcting unsatisfactory work performance of certified school instructors with tenure rights before notice of termination is served upon them. These regulations shall also prescribe procedures to be followed by a local school board in supervising and correcting unsatisfactory work performance of certified school personnel before notice of discharge is served upon them and by the governing authority of a state agency in supervising and correcting unsatisfactory work performance of certified school instructors before notice of discharge is served upon them. These regulations shall provide that written records shall be kept on all action taken by a local school board or the governing authority of a state agency to improve any person's unsatisfactory work performance and all improvements made in the person's work performance. These written records shall be introduced as evidence at any hearing for the person conducted by the local school board or the governing authority of the state agency.
 
 
 
 [1]
 The following causes were cited:
 (1) Refusal to make recommendations for the employment or discharge of personnel.
 (2) Refusal to keep the Board of Education informed about critical matters pertaining to the operation of the school district.
 (3) Allowing to occur and/or failing to correct the deficiencies noted in the State Auditor's reports for years ending June 30, 1976, and June 30, 1977.
 (4) Failure to adequately supervise and correct the deficient performance of Orlando Marquez, Jr.
 (5) Failure to have school bus contractors' contracts completed timely for 1977-1978 school year.
 (6) Failure to properly instruct Marshall Vigil as to the date on which he was to report for work at the beginning of the 1977-78 school year.
 (7) Failure to provide continuous Workmen's Compensation Insurance coverage for district personnel.
 (8) Failure to inform the Board of the cancellation of Workmen's Compensation Insurance coverage.
 (9) Failure to prevent or to remedy overspending of activity fund accounts.
 (10) Failure to prepare agreement for lease of Ojito property after Board took action to lease it.
 (11) Allowing or causing purchase orders to be executed prior to Board authorization.
 (12) Allowing illegal expenditure of Public School Capital Improvement funds in violation of authorizing resolution.
 (Pl. Ex. 7).
 
 
 [2]
 In 1978 article 8 of chapter 77 of the New Mexico Statutes Annotated was recodified as article 10 of chapter 22. All citations in this opinion refer to the 1953 compilation which was in effect at the time of Atencio's discharge. The principal provisions with which we are concerned appear in the Appendix to this opinion
 
 
 [3]
 The statute provides for a de novo hearing before the State Board. The State Board is to determine whether there has been a prejudicial departure from procedures required by statute or State Board regulations and whether the Local Board has established by a preponderance of the evidence that sufficient cause existed for its decision. N.M.Stat.Ann. § 77-8-17(G). The State Board need show no deference to the findings of the Local Board. Board of Education of the City of Albuquerque v. New Mexico State Board of Education, 88 N.M. 10, 536 P.2d 274, 277 (Ct.App.)
 If the Local Board is reversed on appeal, payment of compensation is to be reinstated. N.M.Stat.Ann. § 77-8-15(B). Any party aggrieved by a decision of the State Board may appeal to the New Mexico Court of Appeals. That court is to affirm the decision of the State Board unless it is found to be arbitrary, capricious, or unreasonable, not supported by substantial evidence, or otherwise not in accordance with law. N.M.Stat.Ann. § 77-8-17(J).
 
 
 [4]
 The record proper does not indicate the disposition of the appeal to the State Board. However, Exhibit I to the brief on appeal of the State Board as amicus curiae is a stipulation entered into by Atencio and the Local Board continuing the State Board proceeding pending resolution of the federal suit
 
 
 [5]
 Atencio did allege in his complaint that he had been deprived of a property right without due process of law insofar as the notice of discharge differed from the decision rendered by the Local Board. (Complaint P 27, I R. at 5). However, this claim appears to have been abandoned prior to trial, as it is not referred to in the pre-trial order. Both at trial and on appeal, Atencio's assertions are based solely on the denial of conference procedures. In response to defendants' argument that he should have been required to exhaust state remedies, Atencio does argue that the state remedies are inadequate. (Brief for Appellee at 37-41). However, there is no assertion that the state appeals process does not meet due process standards, but only a claim that the state procedures are a less effective means of remedying the alleged § 1983 violation than a federal suit under § 1983. In any case, the procedures afforded by New Mexico law are constitutionally adequate. See Prebble v. Brodrick, 535 F.2d 605, 614-16 (10th Cir.)
 
 
 [6]
 Part IV B of the Regulation provides in pertinent part as follows:
 
 
 [1]
 Conferences. Two or more conferences shall have been held with certified school personnel charged with unsatisfactory work performance by a local school board or governing authorities of state agencies before notice of discharge, or notice of termination in the case of certified school instructors with tenure, is served upon them. Such conferences shall be held with the individual's immediate supervisor and such other persons as the local board or governing authorities of state agencies may designate. Sufficient time shall have elapsed between the conferences to allow the instructor or administrator to correct the unsatisfactory work performance and to have been observed for an adequate time in the discharge of his or her duties
 
 
 [2]
 Record. A written record of all conferences shall be made, specifying the areas of unsatisfactory work performance, all action suggested by the school or agency administration which might improve such performance, and all improvements made. Each written record shall be signed by all parties to the conference. In the event of a refusal to sign, a notation shall be made of the refusal. A copy of each record shall be given to the person charged with unsatisfactory work performance. The local board or governing authority of a state agency shall retain a copy of the record to be introduced at any hearing for the person charged with unsatisfactory work performance conducted by the local school board or governing authority of a state agency
 (Pl.Ex. 3 at 2-3).
 
 
 [7]
 The decision of the Local Board concluded that:
 
 
 [1]
 The required procedures have been fully complied with in this discharge proceeding
 
 
 [2]
 The evidence established that good cause exists for discharging Victor B. Atencio, for incompetency, insubordination, unsatisfactory work performance or other good and just cause
 (Pl.Ex. 8 at 2).
 It is unclear whether the Local Board determined that the conferences were not necessary or that they were in fact provided.
 
 
 [8]
 This was apparently an independent determination by the district court on the basis of the evidence before it rather than a determination that there was insufficient evidence before the Local Board to justify a finding by the Local Board that the conference procedures were complied with. The court found that a discussion of audit findings on November 3, 1976, with members of the State Auditor's office was not a sufficient conference, even though the auditors were Atencio's "immediate supervisors." Due to a year's delay in transmitting the written record of the conference to Atencio, this conference did not serve the purposes of the statute according to the district court. Likewise, the court held that a conference with Gilbert Duran, the acting superintendent, after Atencio had been suspended did not comply with the conference requirements since Atencio had no opportunity thereafter to correct his work performance. Defendants assert that these conferences were sufficient under Regulation No. 77-1. (Brief for Appellants at 24)
 
 
 [9]
 The New Mexico Supreme Court, subsequent to the decision in Quintana, held that in fact no conferences were required under state law for terminations of school principals. Hayden v. Lee, 90 N.M. 272, 562 P.2d 833. The fact that Quintana was incorrect in its conclusion that untenured principals were entitled to pre-termination conferences does not affect its significance in this case
 
 
 [10]
 Atencio cites Morgan v. New Mexico State Board of Education, 83 N.M. 106, 488 P.2d 1210 (Ct.App.), cert. denied, 83 N.M. 105, 488 P.2d 1209. In Morgan, a teacher was discharged for violating a local board's policy on corporal punishment. The board labeled the charge one of "breach of contract." The New Mexico Court of Appeals held that the local board's label notwithstanding, under the facts of the case the charge involved unsatisfactory work performance and thus triggered the procedural provisions of § 77-8-18. Id. at 1211-12. The court did recognize, however, that not all grounds for discharge involve unsatisfactory work performance. Id. at 1212
 
 
 [11]
 Our holding is also supported by Vruno v. Schwarzwalder, 600 F.2d 124 (8th Cir.). In that case, unlike this one, the court found that plaintiff had no constitutionally protected property interest at all. However, the court made the observation that "(t)he due process clause does not require the existence of a federal forum to redress all violations of state statutory procedures ...." Id. at 132. See also Ryan v. Aurora City Board of Education, 540 F.2d 222, 228 (6th Cir.), cert. denied, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753; cf. Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (not every state law false imprisonment claim against a state official gives rise to a § 1983 claim). We are not persuaded by cases which appear to hold that where a state grants procedural protections for a property right above and beyond the constitutional minimum, these additional provisions are themselves enforceable under § 1983 and the Due Process Clause. See, e. g., Warren v. National Association of Secondary School Principals, 375 F.Supp. 1043, 1048 (N.D.Tex.); Francis v. Ota, 356 F.Supp. 1029, 1033-34 (D.Haw.)
 
 
 [12]
 In Wood the Court did not decide the question whether there is a constitutional violation where there is "no" evidence to support a school expulsion ruling. See 420 U.S. at 323, 95 S.Ct. at 1001. In any event no similar contention would be tenable here since there was some evidentiary basis for the Local Board's fact findings and its conclusions on state law were not implausible. (See Def. Ex. H and Pl. Ex. 8)
 
 
 [13]
 Other cases in which there was no property interest protected by procedural due process have held that there is no independent due process protection against erroneous decision-making. See, e. g., Bishop v. Wood, 426 U.S. 341, 349-50, 96 S.Ct. 2074, 2079-80, 48 L.Ed.2d 684; Weathers v. West Yuma County School District R-J-1, 530 F.2d 1335, 1340-41 (10th Cir.)
 
 
 [14]
 The complaint in this action does not appear to rely on the theory of assertion of any pendent claim under state law and Atencio's claim was not decided on such a basis by the trial court. Atencio's state law claims are in no way considered or decided in this federal suit and after it is dismissed they will remain for consideration by the state tribunals. Our discussions of state law and the evidence are intended as, and establish only, a backdrop for our limited determination that no violation has been shown of Atencio's federal rights under the Due Process Clause of the Fourteenth Amendment