947 F.2d 903
 70 Ed. Law Rep. 771
 Texanita COLE, Plaintiff-Appellee,
v.
RUIDOSO MUNICIPAL SCHOOLS; Ruidoso Board of Education, Defendants,
and
Superintendent Sid Miller, individually and in his official
capacity; Board President W.R. "Stormy" Edwards; Board
Member Don Swalander; Board Member Rod Adamson; Board
Member Mike Morris; Board Member Fred Lynn Willard,
individually and in their official capacities, Defendants-Appellants.
 No. 91-2051.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 29, 1991.
 
 Daniel H. Friedman, Santa Fe, N.M., for defendants-appellants.
 Susan G. Morrison, Austin, Tex., and Ray Twohig, Albuquerque, N.M., for plaintiff-appellee.
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal the district court's denial of the portion of their Motion for Summary Judgment seeking qualified immunity on Plaintiff's procedural due process claim. On appeal, Defendants argue that the district court erred in denying qualified immunity on Plaintiff's procedural due process claim because New Mexico law did not clearly establish that the failure to renew[1] Plaintiff's public school principal contract at its expiration triggered due process requirements and because there were no genuine issues of material fact barring the individual Defendants from qualified immunity protection. We reverse, concluding Defendants are entitled to qualified immunity.
 
 
 3
 Pursuant to a one-year contract, Plaintiff served as principal of the Ruidoso Middle School for the 1987-88 school year. On March 8, 1988, the school board decided, due to budgetary restraints, not to offer Plaintiff a principal contract for the 1988-89 school year. The minutes of the board meeting indicated that Plaintiff would be reassigned to an elementary teaching position. In addition to budget concerns, the school board was also concerned about Plaintiff's conflict with several faculty members. This concern, however, was not mentioned in the school board's minutes in order to spare Plaintiff's feelings and reputation. Plaintiff accepted the teaching contract for 1988-89, but resigned during the school year to move to Florida with her husband.
 
 
 4
 Thereafter, Plaintiff commenced this action, in relevant part pursuant to 42 U.S.C. § 1983, alleging, inter alia, denial of due process rights.[2] Defendants filed a Motion for Summary Judgment contending that they were entitled to qualified immunity. The district court denied qualified immunity protection on the due process claim. The district court's sole explanation for doing so was as follows:
 
 
 5
 Defendants argue that the termination was a non-renewal of plaintiff's contract; plaintiff contends that her termination was part of a reduction-in-force action that required certain procedural guarantees. Since there are genuine issues of material fact as to this claim, I cannot conclude that defendants are entitled to judgment as a matter of law.
 
 
 6
 Plaintiff appealed.
 
 
 7
 "We have interlocutory appellate jurisdiction under Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), even though the district court based its denial of the motion on a finding that disputed material facts exist in the case." Austin v. Hamilton, 945 F.2d 1155, 1157 (10th Cir.1991). We decide the legal issues before us by applying a de novo standard of review. Eastwood v. Department of Corrections, 846 F.2d 627, 629 (10th Cir.1988).
 
 
 8
 The affirmative defense of qualified immunity is available to government officials in actions brought pursuant to 42 U.S.C. § 1983. A government official is entitled to immunity from liability if the official's conduct as alleged in the complaint did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." The unlawfulness must be apparent "in light of preexisting law." The questions of what the current applicable law is, whether that law was clearly established at the time the official's action occurred, and whether the official's acts were objectively reasonable, are questions of law for the court to determine. If material factual disputes exist with regard to the actions of the official, summary judgment on the basis of qualified immunity is not possible.
 
 
 9
 Campbell v. Mercer, 926 F.2d 990, 992 (10th Cir.1991) (citations omitted).
 
 
 10
 The issue on appeal is whether it was clearly established that Plaintiff had a property right in employment entitling her to due process protections before the nonrenewal of her administrator contract. Plaintiff's constitutional claim depends on whether she had a property right in continued employment as a principal. Id. Property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985).
 
 
 11
 New Mexico law provides that school administrators may have employment contracts of one or two years. N.M.Stat.Ann. § 22-10-11 B(4). Any person employed by contract has no legitimate expectation of reemployment, and no contract is to be construed as an implied promise of continued employment pursuant to a subsequent contract. Id. section 22-10-11 E. While certified school instructors have certain rights under the statutory scheme, administrators have no tenure rights as administrators. See id. sections 22-10-12 to 22-10-14.1; see also Hayden v. Lee, 90 N.M. 272, 562 P.2d 833, 834 (1977) (administrators are neither tenured nor untenured). Only certified school instructors with three or more years of service are entitled to procedural due process prior to nonrenewal; the statutory scheme does not give similar protection to administrators at the expiration and nonrenewal of their contracts. See N.M.Stat.Ann. §§ 22-10-14, 22-10-14.1. Although the statutes provide no assurance of employment, they do provide certain procedural protections to administrators who are discharged during a school term. In addition to procedural protections, the school board may discharge an administrator during the term of an employment contract only for "good and just cause." Id. section 22-10-17.
 
 
 12
 In this case, Plaintiff was not discharged during the term of her employment contract. Rather, her contract as principal was not renewed at the end of the year, and she was reassigned to a teaching position. Under such circumstances, New Mexico law did not afford Plaintiff any procedural protections for the nonrenewal of her administrator contract.
 
 
 13
 Plaintiff argues that her nonrenewal as principal was based on illegal reasons. Plaintiff maintains she was entitled to the procedural protections afforded to certified school instructors, including written notice of termination, written reasons for the school board's nonrenewal action, nonrenewal not based on arbitrary, capricious, or illegal reasons, and a hearing before the board to contest the nonrenewal. See N.M.Stat.Ann. §§ 22-10-12 to 22-10-14.1. To support her argument, Plaintiff cites to N.M.Stat.Ann. § 22-10-16. Section 22-10-16 provides that the procedural protections that attend termination do not apply to a person without a standard teaching certificate, an instructor employed to fill the position of an instructor entering the military, a person who is sixty-five years old prior to the last day of the school year, and a person not qualified to teach. Previously, school administrators had been included in the list of persons excepted from procedural due process. Accordingly, Plaintiff contends that section 22-10-16, as applicable to her, provides due process protections to both teachers and administrators.
 
 
 14
 Plaintiff's arguments may be correct if she had been completely terminated. Although her principal contract was not renewed, Plaintiff was reassigned to a teaching position. Nothing in the statutes indicates that such a reassignment triggers procedural protections.
 
 
 15
 Even if it could successfully be argued that section 22-10-16 applies, the argument is not so conclusive as to prove that the school board reasonably should have known that Plaintiff was entitled to such protections. The procedural protection statutes are not to "be construed as creating any statutorily created property right." Id. section 22-10-14 F. Also, the nonrenewal procedural protection statutes specifically refer to certified school instructors. Id. sections 22-10-12 to 22-10-14.1.[3] The definitions sections of the New Mexico statutes distinguish between certified school instructors and administrators. See id. section 22-1-2 D, E. Accordingly, even if section 22-1-16 applies, Defendants are still entitled to qualified immunity.
 
 
 16
 New Mexico law does not create a property interest that is subject to federal constitutional guarantees. Defendants, therefore, were entitled to qualified immunity. Accordingly, we conclude the district court erred in denying Defendants' Motion for Summary Judgment.
 
 
 17
 The judgment of the United States District Court for the District of New Mexico is REVERSED. The action is REMANDED for proceedings on Plaintiff's claims which are still pending before the district court.
 
 
 
 [1]
 For purposes of this case, there are three types of personnel actions that require definition: discharge, nonrenewal, and reassignment. Discharge concerns the termination of an employee during the term of the employment contract. Nonrenewal occurs at the end of the employment contract when the school board terminates an employee and chooses not to rehire the employee for a subsequent school year. Reassignment involves transfer of an employee to a different employment assignment in a subsequent year
 
 
 [2]
 Plaintiff also alleged discrimination and retaliation claims under Title VII, denial of equal protection under § 1983, violation of the Equal Pay Act, and state law claims
 
 
 [3]
 The procedural protections applying to discharge during a contract term expressly apply to both instructors and administrators. N.M.Stat.Ann. §§ 22-10-17 to 22-10-18